IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRACY L. EHRLICH,

    Plaintiff,

    v.                                                                     Civil Action 2:17-cv-184
                                                                            Magistrate Judge Jolson

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**OPINION AND ORDER**

Plaintiff, Tracy L. Ehrlich, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"), a period of disability, and Supplemental Security Income ("SSI"). For the reasons that follow, the Commissioner's nondisability finding is **REVERSED** and this case is **REMANDED** to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

I.    BACKGROUND

    A.  Procedural Background

Plaintiff applied for DIB, a period of disability, and SSI on October 16, 2013, alleging disability beginning October 1, 2011, due to numerous physical and mental impairments. (Doc. 14-2, Tr. 27, PAGEID # 92). An Administrative Law Judge (the "ALJ") held a hearing (*Id.*, Tr. 42–62, PAGEID # 107–27) after Plaintiff's application was denied initially (Doc. 14-3, Tr. 65–78, PAGEID #: 131–44) and upon reconsideration (*Id.*, Tr. 95–110, PAGEID #: 161–76). On

January 29, 2016, the ALJ denied benefits in a written decision. (Doc. 14-2, Tr. 24–41, PAGEID # 89–106). That decision became final when the Appeals Council denied review on January 3, 2017. (*Id.*, Tr. 1–6, PAGEID #: 66–71).

Plaintiff filed this case on March 3, 2017 (Doc. 1), and the Commissioner filed the administrative record on June 5, 2017 (Doc. 14). Plaintiff filed a Statement of Specific Errors on July 19, 2017 (Doc. 15), the Commissioner responded on September 1, 2017 (Doc. 16), and Plaintiff replied on September 18, 2017 (Doc. 17).

### B. Relevant Medical Records

Plaintiff's relevant medical records are summarized below.

### C. Relevant Hearing Testimony

Plaintiff testified that she suffers from rheumatoid arthritis in her joints, hands, knees, hips, and feet. (Doc. 14-2, Tr. 48, 55, PAGEID #: 113, 120). She also testified that she had an EMG performed on her legs, back, and feet to investigate nerve damage. (*Id.*, Tr. 48–49, PAGEID #: 113–14). She stated she is borderline diabetic, and that she "was heavy" before she "lost a lot of weight." (Tr. 49, PAGEID #: 114). Plaintiff testified that she does not have much control over her hands, and she had surgery performed on both of her hands, as well as her elbow, within the last three years. (*Id.*). She stated that while the surgery helped her hands, it did not help her elbow. (*Id.*, Tr. 50, PAGEID #: 115). She experiences "chronic pain daily." (*Id.*, Tr. 55, PAGEID #: 120).

Plaintiff can pick up and carry a soda bottle, but is unable to open one; she needs two hands to carry a gallon of milk. (*Id.*, Tr. 50, PAGEID #: 115). Standing and walking is problematic, but she can walk a little over a block before she becomes short of breath. (*Id.*, Tr. 51, PAGEID #: 116). She experiences breathing problems, and uses a "puffer" once or twice a

week. (*Id.*).  Plaintiff can stay seated for a half hour at most and spends most of her day in bed. (*Id.*, Tr. 52, PAGEID #: 117).  She can focus on one task for about twenty minutes before she needs to move around.  (*Id.*, Tr. 54, PAGEID #: 119).  Plaintiff testified that her pain prevents her from finishing household chores.  (*Id.*, Tr. 55, PAGEID #: 120).

The Vocational Expert (the "VE") testified, *inter alia*, that an individual of Plaintiff's age, education, and work experience limited to only frequent handling, fingering, and feeling bilaterally; lifting and carrying ten pounds frequently; sitting 45 minutes at a time for six of eight hours; and standing and walking for 30 minutes at a time for three of eight hours would be limited to sedentary unskilled work.  (*Id.*, Tr. 57–58, PAGEID #: 122–23).

### D. The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016.  (Doc. 14-2, Tr. 27, PAGEID #: 92).  The ALJ also found that Plaintiff engaged in substantial gainful activity in 2012, when Plaintiff reported $12,481 in earnings, but that there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  (*Id.*, Tr. 29, PAGEID #: 94).  The ALJ determined that Plaintiff's severe impairments consisted of degenerative disc disease of the lumbar spine, fibromyalgia, rheumatoid arthritis, and bilateral carpal tunnel syndrome, none of which alone or in combination met or medically equaled the severity of a listed impairment.  (*Id.*, Tr. 29–31, PAGEID #: 94–96).  In terms of residual functional capacity ("RFC"), the ALJ found that plaintiff is able "to perform *sedentary* work as defined in 20 CFR 404.1567(a) and 416.967(a) except: lift/carry 10 pounds occasionally and frequently; sit 45 minutes at a time for a total of 6 hours in an 8 hour workday; stand/walk 30 minutes at a time for a total of 3 hours in an 8 hour workday; and frequent handling, fingering and feeling in the bilateral upper extremities."  (*Id.*,

3

Tr. 31, PAGEID #: 96).

Specific to Plaintiff's back pain, the ALJ found:

> Despite alleging debilitating back pain, an MRI of the lumbar spine on August 20, 2014 showed generally mild findings. The MRI revealed a small disc bulge at L5-S1 with no spinal or foraminal stenosis. There was also no evidence of a nerve root impingement at S1. Dr. Campbell, a treating neurologist, described the claimant's lumbar imaging as showing very mild pathology (Exhibits 22F, page 60 & 27F, page 1). Similarly, an EMG study on January 11, 2016 revealed very mild, acute bilateral S1 radiculopathy, which was inconsistent with the claimant's allegations of numbness and electrical sensations (Exhibit 27F, page 1). An EMG study of the upper extremities on February 17, 2014 showed mild bilateral median nerve delay with the right worse than the left in severity (Exhibit 21F, page 4).

(*Id.*, Tr. 32, PAGEID #: 97). With regard to Plaintiff's carpal tunnel syndrome, the ALJ noted that the RFC finding "more than accounts for claimant's complaints by limiting [her] to lifting and carrying ten pounds and frequent handling, fingering, and feeling in the upper extremities." (Tr. 33, PAGEID #: 98) In addition, Plaintiff underwent cubital tunnel decompression surgery on the right side in October 2013, which appeared to be successful, and an EMG study on February 17, 2014, showed only mild bilateral median nerve delay. (*Id.*).

The ALJ stated generally that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id.*). For example, the ALJ noted that Plaintiff's activities of daily living—such as cleaning, washing dishes, laundry, and grocery shopping—are inconsistent with her allegations of debilitating pain. (*Id.*).

The ALJ found that Plaintiff is unable to perform past relevant work and was 41 years old (a younger individual) on the onset date. (*Id.*, Tr. 34, PAGEID #: 99). Transferability of job skills was not material to the disability determination. (*Id.*). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in

4

significant numbers in the national economy that the claimant can perform." (*Id.*). Based on the foregoing, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*, Tr. 35, PAGEID #: 100).

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). The Commissioner's findings of fact must also be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). To that end, the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *Rhodes v. Comm'r of Soc. Sec.*, No. 2:13-cv-1147, 2015 WL 4881574, at *2 (S.D. Ohio Aug. 17, 2015).

## III. DISCUSSION

Plaintiff raises three statements of error. First, Plaintiff argues that the ALJ erred by ignoring medical evidence of Plaintiff's digestive and reproductive impairments and failing to find them severe. (Doc. 15, Tr. 10, PAGEID #: 973). Second, Plaintiff alleges that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to follow the "treating physician" rule. (*Id.*, Tr. 13, PAGEID #: 976). Third, Plaintiff argues that the ALJ's failure to consider Plaintiff's obesity as required by SSR 02-1p is reversible error. (*Id.*, Tr. 16, PAGEID #: 979). The Court finds merit in Plaintiff's first and third statements of error. Based on the current record, it does not appear that the ALJ appropriately considered the

objective medical evidence regarding Plaintiff's digestive and reproductive impairments or Plaintiff's history of obesity. Because the ALJ's failure to consider this objective medical evidence warrants remand, the Court need not address Plaintiff's second statement of error.

The ALJ is required to consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014). In *Owens v. Colvin*, the court found that the ALJ failed to consider all of the evidence in the record after the claimant produced 32 pages of medical records detailing various impairments, including back pain, muscle spasms, wrist pain, and depression, but the ALJ made no mention of this evidence anywhere in her decision. *Owens v. Colvin*, 14-CV-11128, 2015 WL 506723, at *2 (E.D. Mich. Feb. 6, 2015). Consequently, the court remanded the case for the ALJ's additional consideration of the 32 pages of evidence, despite the ALJ's citation to other medical evidence. *Id.*

Here, the record is replete with medical evidence regarding Plaintiff's digestive and reproductive impairments, as well as her history of obesity and gastric bypass surgery. However, as in *Owens*, the ALJ made no mention of this evidence in his opinion. For example, the record contains numerous references to Plaintiff's history of digestive impairments from 2010–2015:

- On February 22, 2010, Plaintiff presented to the emergency room due to abdominal pain; she was treated with Lortab. (Doc. 14-7, Tr. 418, 421, 424, PAGEID #: 489, 492, 495).

- On April 20, 2012, Plaintiff underwent an upper endoscopy that showed a small sliding-type hiatal hernia and status post sleeve gastrectomy with Roux-en-Y anastomosis. (*Id.*, Tr. 309, PAGEID #: 380).

- On April 22, 2012, Plaintiff presented to the emergency room again with complaints of abdominal pain; she was diagnosed with nonspecific, recurrent abdominal pain. (*Id.*, Tr. 522–23, PAGEID #: 593–94).

- On June 19, 2012, Plaintiff underwent an ultrasound on the right upper quadrant of her abdomen, which revealed status post cholecystectomy, an incidental right renal cyst, and mild coarsening of hepatic echotexture. (*Id.*, Tr. 366, PAGEID #: 437).

- On February 27, 2013, Dr. Gordon Kim diagnosed Plaintiff with irritable bowel syndrome. (*Id.*, Tr. 552, PAGEID #: 623).

- On January 13, 2015, Plaintiff underwent an esophagram, which revealed moderate to severe gastroesophogal reflux with no reflux-related esophagitis identified. (Doc. 14-8, Tr. 742, PAGEID #: 814).

- On February 23, 2015, Plaintiff presented to the emergency room again due to abdominal and back pain. (Doc. 14-8, Tr. 735, PAGEID #: 807). Plaintiff was diagnosed with hematuria and abdominal pain. (*Id.*, Tr. 737, PAGEID #: 809).

- On August 3, 2015, Dr. Adam Tzagournis diagnosed Plaintiff with abdominal pain, bloating, and abdominal distention after meals, and status post gastric bypass. (*Id.*, Tr. 850, PAGEID #: 922).

- On August 28, 2015, Plaintiff underwent a colonoscopy that revealed moderate internal hemorrhoids. (*Id.*, Tr. 829, PAGEID #: 901).

- On November 9, 2015, Plaintiff underwent an additional colonoscopy that revealed a 6mm polyp in Plaintiff's proximal ascending colon, as well as mild internal hemorrhoids. (*Id.*, Tr. 824, PAGEID #: 896).

Additionally, Plaintiff's various reproductive issues are mentioned throughout the record:

- CT scans of Plaintiff's abdomen and pelvis taken on April 6, 2012, showed a 3.3 cm low-attenuated lesion in the right adnexal area with a density of about 22 Hounsfield units. (Doc. 14-7, Tr. 499, PAGEID #: 570).

- On June 12, 2012, plaintiff underwent a pelvic ultrasound that revealed an anteverted uterus with endometrium measuring up to 0.7 cm in thickness (considered abnormally thickened if patient is postmenopausal) and two complex cystic lesions within each ovary. (*Id.*, Tr. 363–64, PAGEID #: 434–35).

7

- On August 29, 2012, Plaintiff underwent an additional ultrasound that revealed a dominant follicular cyst in the right ovary measuring 1.6 cm. (*Id.*, Tr. 367, PAGEID #: 438).

- On January 15, 2013, Dr. Caroline Hixson performed NovaSure ablation surgery on Plaintiff due to her excessive and frequent menstruation. (*Id.*, Tr. 385, 393, 405, 415, PAGIED #: 456, 464, 476, 483).

Finally, the record is replete with references to Plaintiff's obesity and history of gastric bypass surgery. (Doc. 14-7, Tr. 290, 295, 304, 307, 309, 311, 369–70, 376, 379, 387–88, 395–96, 398, 408, 410, 506, 536, 573, 591–92, 602–603, 613, 618, 622, 627, 638, 673, 676, 683, 708–709, 715, 721, PAGEID #: 361, 366, 375, 378, 380, 382, 440–41, 447, 450, 458–59, 466–67, 469, 479, 481, 577, 607, 644, 662–63, 673–74, 684, 689, 693, 698, 709, 744, 747, 754, 779–80, 786, 792; Doc. 14-8, Tr. 727, 735, 778, 782, 804–08, 809, 812–16, 827, 840, 850, 852, 860–63, 869–72, 886, 887, PAGEID #: 799, 807, 850, 854, 876–80, 881, 884–88, 899, 912, 922, 924, 932–95, 941–44, 950, 959).

    While it is true that "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006), here the ALJ failed to acknowledge Plaintiff's digestive and reproductive impairments, which she alleges to be severe. The ALJ's failure to acknowledge these impairments despite the frequency with which they are mentioned in the record suggests that his review of the record was incomplete. *See Owens*, 2015 WL 506723, at *2; *see also, e.g.*, *Dyer v. Berryhill*, 237 F. Supp. 3d 772, 776 (N.D. Ill. Feb. 21, 2017) (remanding where the ALJ's decision "rest[ed] on a selective and incomplete review of the evidence"); *Karadsheh v. Comm'r of Soc. Sec.*, No. 1:08-CV-988, 2010 WL 4259644, at *2 (W.D. Mich. Sept. 17, 2010), *report and recommendation adopted*, No. 1:08-CV-988, 2010 WL

4259616 (W.D. Mich. Oct. 20, 2010) (finding the defendant's position was not substantially justified where the ALJ, *inter alia*, "performed an incomplete review of the medical records"). Similarly, the ALJ's failure to mention Plaintiff's history of obesity also suggests that his review of the record was incomplete. *See Titles II and XVI: Evaluation of Obesity*, SSR 02-1P (Sept. 12, 2002). Taking all of this together, "it is not clear that the ALJ fulfilled his obligation to consider all evidence in the record" under these circumstances. *Payne v. Comm'r of Soc. Sec.*, 13-CV-13561, 2014 WL 4897726, at *2 (E.D. Mich. Sept. 30, 2014) (quoting *Gentry*, 741 F.3d at 723). Accordingly, remand is warranted.

## IV. CONCLUSION

For the reasons stated, the Commissioner's nondisability finding is **REVERSED** and this case is **REMANDED** to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

IT IS SO ORDERED.


Date:  January 16, 2018                     /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE